Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL V

| GEORGE OLIVERAS VÁZQUEZ Y OTROS<br><br>Recurrido<br><br>v.<br><br>AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO<br><br>Peticionaria | KLCE202400107 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2020CV03569 consolidado con SJ2020CV04798<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente; el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de enero de 2024.

Comparece la Autoridad de Energía Eléctrica (AEE o parte peticionaria), mediante recurso de *Certiorari* y *Moción Urgente en Auxilio de Jurisdicción,* ambos presentados el 25 de enero de 2024, a las 6:53pm. En el recurso de *Certiorari* solicita la revisión de la Resolución dictada y notificada el 9 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario). Por otro lado, en la *Moción Urgente en Auxilio de Jurisdicción* nos solicita que se paralice el juicio señalado para el 5 de febrero de 2024 y que se ordene la celebración de una vista urgente para auscultar fechas para el reseñalamiento.

Por los fundamentos que expondremos adelante, **denegamos la expedición del auto de *certiorari* y declaramos *No Ha Lugar* la solicitud en auxilio de jurisdicción.**

**-I-**

Surge del expediente ante nuestra consideración, que el 6 de diciembre de 2022[1] se celebró la Conferencia con Antelación a Juicio

---

[1] Véase entrada número 31 de SUMAc.

Número Identificador

RES2024_____

y Vista Transaccional, en la cual se señaló el juicio en su fondo del 5 al 29 febrero de 2024 a las 10:00 de la mañana, de manera presencial. El 27 de septiembre de 2023, el bufete Díaz & Vázquez presentó ante el TPI renuncia a la representación legal de la AEE. El 3 de octubre de 2023, el TPI emitió determinación, en la que autorizó la renuncia de la representación legal y concedió 30 días para anunciar la nueva representación legal de la AEE[2]. El 26 de octubre de 2023, se anunció la nueva representación legal de la AEE[3]. El 27 de diciembre de 2023, la AEE presentó *Moción para solicitar transferencia de juicio en su fondo por conflicto en calendario*[4]. En síntesis, alegó que para la misma fecha (del 5 al 29 de febrero de 2024) la firma legal tenía señalado otro juicio en su fondo en el caso B DP2015-0017. Además, indicó que se comunicaron con los representantes legales del señor George Oliveras Vázquez y otros (parte recurrida), y que estos le informaron que se opondrían a la transferencia del juicio. Por último, notificaron al TPI sus fechas hábiles.

La parte recurrida presentó la *Oposición a Moción para solicitar transferencia de juicio en su fondo por conflicto en calendario*[5]*.* La parte peticionaria presentó *Replica a Oposición a Moción para solicitar transferencia de juicio en su fondo por conflicto en calendario*[6]. El 9 de enero de 2024, el foro primario notificó *Resolución* en la cual declaró No Ha Lugar la *Moción para solicitar transferencia de juicio en su fondo por conflicto en calendario* y esbozó que el juicio fue pautado para el 6 de diciembre de 2022; además, expresó que, al asumir la representación legal, certificaba que

---

[2] Véase Apéndice del *Certiorari*, pág. 4.
[3] Véase entrada número 129 de SUMAc.
[4] Revisada la moción, surge de la misma que la única solicitud esta relacionada con el conflicto en el calendario del bufete, no se incluyó aseveración alguna sobre la imposibilidad de contratación de la prueba pericial. Véase Apéndice del *Certiorari*, pág. 6.
[5] Véase Apéndice del *Certiorari*, pág. 8.
[6] Véase Apéndice del *Certiorari*, pág. 13.

estaba hábil y disponible para atender los señalamientos. El 19 de enero de 2024, la parte peticionaria presentó *Moción de Reconsideración* a la cual la parte recurrente se opuso; y, el TPI declaró *No Ha Luga*r la reconsideración presentada.

Inconforme con dicha determinación, la parte peticionaria presentó *Petición de Certiorari*, en la que adujo que el TPI cometió el siguiente error:

> Erró el TPI al sustituir sus propios criterios por los criterios establecidos jurisprudencialmente para disponer sobre una solicitud de suspensión o transferencia de vista.

El 26 de enero de 2024, la parte recurrida presentó su *Oposición a Remedio Solicitado en "Moción Urgente en Auxilio de Jurisdicción"*. Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores, según lo permite la Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones[7].

## II.

### -A-

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[8] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[9]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes *circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto*[10]. Esta norma de deferencia también aplica a las *decisiones discrecionales* de los tribunales de

---

[7] 4 LPRA Ap. XXII-B, R. 7.
[8] 32 LPRA Ap. V, R. 52.1.
[9] 4 LPRA Ap. XXII-B, R.40.
[10] *Colón v. Glamorous Nails*, 167 DPR 33, 59 (2006); *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).

instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[11].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[12]. No obstante, la Regla 52.1, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> [...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones[13] para dirigir la activación de nuestra jurisdicción discrecional en estos recursos, dispone que para expedir un auto de *certiorari,* este Tribunal debe tomar en consideración los siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[11] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[12] *García v. Padró*, 165 DPR 324, 334-335 (2005); *Zorniak v. Cessna*, 132 DPR 170, 180 (1992).
[13] 4 LPRA Ap. XXII-B, R. 40.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**-B-**

En cuanto a la *Moción Urgente en Auxilio de Jurisdicción*, la Regla 79(E) del Reglamento del Tribunal de Apelaciones[14], establece que la forma en que debe realizarse su notificación es de la siguiente manera:

> (E) Cualquier solicitud de orden bajo esta regla se ajustará, en cuanto a su forma y contenido, a las disposiciones de las Reglas 68 y 70, llevará el mismo epígrafe del caso principal, deberá ser notificada a las demás partes, y a cualquier persona contra quien se solicita un remedio, mediante el método que asegure que éstas queden notificadas de la solicitud simultáneamente con su presentación, y hará constar la notificación en la propia solicitud. De presentarse la solicitud de orden el mismo día en que se presenta el recurso, la notificación simultánea de dicha solicitud incluirá la notificación del recurso con su Apéndice. A los fines de la notificación simultánea a que se refiere esta regla, podrán utilizarse los métodos de notificación personal, por teléfono o correo electrónico, de forma que las partes advengan en conocimiento de la solicitud de orden y del recurso inmediatamente de su presentación.

**-C-**

Nuestro Tribunal Supremo ha expresado también que, "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y

---

[14] 4 LPRA Ap. XXII-B, R.79 (e).

que nuestra intervención en esa etapa evitará un perjuicio sustancial"[15].

### III.

En el caso que nos ocupa, la AEE señala que el TPI erró al no conceder la transferencia del juicio en su fondo. A su vez, solicita a este foro que se suspenda el señalamiento y se ordene la celebración de una vista para recalendarizar las fechas para el juicio en su fondo.

Examinado el expediente ante nuestra consideración, concluimos que la determinación recurrida no contiene indicio alguno de craso abuso de discreción, prejuicio, parcialidad o error al aplicar las normas procesales o sustantivas pertinentes, que justifiquen nuestra intervención en sustitución del criterio utilizado por dicho foro en el ejercicio de su discreción. De conformidad con el derecho antes expuesto y los criterios establecidos en la Regla 40 del Reglamento Tribunal de Apelaciones, *supra,* para la expedición del auto de *certiorari,* no existe fundamento que justifique nuestra revisión judicial, por lo que damos deferencia a la determinación del TPI.

### IV.

Por los fundamentos expuestos, **denegamos la expedición del auto de certiorari y declaramos *No Ha Lugar* el auxilio de jurisdicción.**

**Notifíquese Inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[15] *Lluch v. España Service,* 117 DPR 729, 745 (1986) y *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).